STANLEY REIMAN, Plaintiff, *v.* NORTHERN ZALESKI LIMITED et al., Defendants.

Supreme Court, Trial Term, Queens County, January 21, 1955.

*Jesse K. Robinson* for plaintiff.

*Emanuel Stempel* for John Zaleski, defendant.

CONROY, J. Plaintiff sues on an agreement entered into on June 1, 1950, with the defendants Northern Zaleski Limited and John Zaleski. Among other things, the agreement provided that plaintiff subscribe to the 3% noncumulative stock in the sum of $25,000 of Northern Zaleski Limited and that the latter would employ him. The agreement further provided:

" If for any other reason other than voluntary reasons the said Stanley Reiman (plaintiff) shall cease to be employed by the said company (Northern Zaleski Limited) within the next two year period, then the undersigned (Northern Zaleski Limited and John Zaleski) jointly and severally obligate and bind themselves to purchase the stock, share or interest of the said Stanley Reiman in the said company if he should elect to sell at the minimum sum of $25,000.00 in a period of not more than 24 months from the date the said Stanley Reiman ceases to be employed.

" If, however, the said Stanley Reiman leaves for voluntary reasons, then the period of repurchase shall be extended to sixty months from the date said Stanley Reiman ceases to be employed."

On February 20, 1951, the plaintiff was inducted into the armed forces of the United States which was within the two-year period above mentioned. Although he never sought re-employment, he demanded of the defendants on or about February 20, 1953, that his stock be repurchased.

Defendants do not deny their obligation to repurchase, but state that they have five years from February 20, 1951, to do so. Their position is based on the fact that the plaintiff did not seek to return to the employ of the defendants after his discharge from military service and, therefore, his leaving was voluntary.

I cannot agree with the defendants' contention. The plaintiff's entry into the armed forces within two years from the date of the agreement was an involuntary termination of employment and determined his rights as of that date. He became entitled to the return of his money after the lapse of twenty-four months from February 20, 1951. The money is presently due and owing to the plaintiff.

Inasmuch as the action was discontinued at the trial against the defendants Northern Zaleski Limited and Merritt & Zaleski, Inc., as were the third and fourth causes of action, the plaintiff may have judgment for $25,000 against the defendant John Zaleski with interest from February 19, 1953.

Submit judgment.